

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

TIMOTHY B. HANKS,

      **Plaintiff**

                               Case No. _2:11cv439_____

                          **PLAINTIFF DEMANDS TRIAL BY JURY**

    v.

WAVY BROADCASTING, LLC,
a Delaware limited liability company

      **SERVE:**      Corporation Service Company (Registered Agent)
                   2711 Centerville Road Suite 400
                   Wilmington, DE 19808

LIN TELEVISION CORPORATION,
a Delaware corporation, d/b/a "LIN Media"

      **SERVE:**      Corporation Service Company (Registered Agent)
                   11 S. 12th St.
                   Richmond, VA 23218

      **Defendants.**

## COMPLAINT

    COME NOW the plaintiff, Timothy Hanks ("Mr. Hanks"), by counsel, and for his

Complaint states as follows:

### Nature of Action

1.     This is an action at law for defamation.

### Parties

2.     The plaintiff is a natural person, a private individual and resident of the

Commonwealth of Virginia. Prior to the events giving rise to this lawsuit, the plaintiff enjoyed a distinguished reputation within the community as a professional tax preparer of a tax return preparation business and an excellent reputation in the community at large.

3. Defendant, WAVY Broadcasting, LLC ("WAVY Broadcasting"), is a limited liability corporation organized in the State of Delaware, having its principal place of business in Providence, Rhode Island, and owns and operates the television station, WAVY (a.k.a., "WAVY-TV" or "WAVY-10"), located in Portsmouth, Virginia, licensed to serve Portsmouth, Virginia, and broadcasting throughout the Hampton Roads area of Virginia; by owning and operating WAVY's related website, http://www.wavy.com. This defendant also broadcasts over other television frequencies that it refers to as its "Sister Station Fox."

4. Defendant, LIN Television Corporation, d/b/a "LIN Media" ("LIN Television Corp."), is a corporation incorporated in the State of Delaware, having its principal place of business in Providence, Rhode Island, and is the Managing Member of WAVY Broadcasting. LIN Television Corp. owns and operates stations and websites in 17 U.S. markets, including but not limited regularly doing business in the Commonwealth of Virginia by owning and operating the television station, WAVY (a.k.a., "WAVY-TV" or "WAVY-10"), located in Portsmouth, Virginia, licensed to serve Portsmouth, Virginia, and broadcasting throughout the Hampton Roads area of Virginia; by owning and operating WAVY's related website, http://www.wavy.com. With respect to all acts and omissions alleged herein, WAVY Broadcasting and LIN Television Corp. acted in combination as each other's representatives or agents and are collectively referred to herein as "the defendants." This defendant also broadcasts over other television frequencies that it refers to as its "Sister Station Fox."

2

### Jurisdiction and Venue

5.　　This Court has diversity jurisdiction over plaintiffs' claims pursuant to 28 U.S.C.

§ 1332(a)(1), as this action involves citizens of different states, and the asserted rights and

interests of the plaintiffs in controversy exceeds the sum or value of $75,000, exclusive of interest

and costs.

6.　　The causes of action arose from the defendants' acts and omissions in this judicial

district.

7.　　The unlawful actions committed by the defendants occurred in this judicial district.

The defendants are presently conducting, and regularly conduct, affairs and business activities,

and did so at all times alleged herein, in this judicial district, by their respective ownership and

operation of a television station, WAVY (a.k.a., "WAVY-TV" or "WAVY-10"), located in

Portsmouth, Virginia, licensed to serve Portsmouth, Virginia, and broadcasting throughout the

Hampton Roads area of Virginia; and of WAVY's related website, http://www.wavy.com.

8.　　Venue over the claims of the plaintiffs is proper in this Court pursuant to 28 U.S.C.

§ 1391(a)(1) and (a)(2).

### FACTS

9.　　The plaintiff is a professional tax preparer in a tax preparation business, as

described above, during the course of events alleged herein.

10.　　On April 14, 2011, defendants, by and through their television station WAVY-TV,

Channel 10 ("WAVY-10"), and their "Sister Station Fox," broadcasted a television video news

segment (hereinafter, the "newscast") with newscast lead-ins and/or "teasers" falsely stating, *inter*

*alia*, "Stay tuned and we are going to show you how to avoid unscrupulous tax preparers." The

3

newscast stated "Monday, April 18th, is this year's federal income tax filing deadline.  But if you're one of the many who have waited until the last minute to file, you could run the risk of working with unscrupulous preparers...."  "Kenneth Brown says he trusted his tax preparer, only to learn a year later that errors will cost him dearly," and "his IRS issues all stem from a mistake made by his tax preparer at Reliable Tax off Victory Boulevard in Portsmouth."  The newscast then showed Kenneth Brown stating, "If the money looks too good, chances are someone made a mistake"; "I gave you $400.  You're only going to give me $54 back of the $400 I paid you all.  I said that's not fair."  Taken in context of the rest of the broadcast, the false implications of the foregoing statements were that the plaintiff was an "unscrupulous tax preparer" who had unlawfully converted customers' income tax refund payments, or unlawfully withheld payments owed to customers, or fraudulently filed false tax returns for customers.  The foregoing statements and implications refer to the plaintiff and were false.  The defendants also broadcasted or published the same statements, without the lead-ins and/or "teasers" on April 14, 2011 by video and in an accompanying article on the Internet on www.wavy.com.  See **Exhibit A**.  Both the television video segment and Internet versions of the newscast are referred to herein, collectively, as "the newscast."  The defendants, by and through their television station WAVY-10 and WAVY 10's related website,  http://www.wavy.com, deliberately or negligently placed the plaintiff in a false light, for the specific purpose of presenting a defamatory impression so as to create a sensational story, with total disregard to the damage the publication or broadcast would do to the reputation and livelihood of Mr. Hanks.

11.     The statements alleged above, taken as a whole in the context of the entire newscast, are libelous *per se*, because they imply that the plaintiff is unscrupulous, unethical,

4

incompetent, not fit to serve as a professional tax preparer, and as such are capable of defamatory meaning and construction. By these defamatory statements the defendants impute unfitness to perform the duties of office or employment for profit and want of integrity in the discharge of those duties. The defamatory statements, individually and taken as a whole, prejudice the plaintiff in his profession, tending to injure him in his employment and profession, and cast him as being particularly unfit to be a professional tax preparer or work in any position of trust.

12. By composing and publishing the defamatory statements alleged herein, the defendants intended to, and did, charge the plaintiff with being an unscrupulous, unethical and incompetent professional tax preparer of a tax return preparation business, who was therefore unfit to be professional tax preparer of a tax return preparation business. The defamatory statements permanently stigmatized each of the plaintiffs as being an unscrupulous, unethical, incompetent, dishonest, and unlawful professional tax preparer of a tax return preparation business.

13. The defamatory statements detailed in this Complaint were made of and concerning each of the plaintiffs, are false, and were false when made.

14. The defendants made the statements knowing they were false and with reckless disregard for their truth or falsity, and after having been put on notice that the statements relating to the plaintiff was false. The defendants recklessly asserted defamatory falsehoods, which defendants should have known to be false when made, and which defendants did know were false when made. The statements were made with such gross indifference and recklessness as to amount to a wanton and willful disregard of the plaintiff's reputation and rights. The statements were made to persons having no interest in the subject of the statements.

5

15.     The defendants lacked reasonable grounds for making the statements, implications, and insinuations complained of, and acted negligently in failing to attempt to ascertain the truth thereof. The defendants acted with actual knowledge of falsity, and out of common law malice and actual malice, when making the statements. The statements proximately caused the plaintiff special damages, as well as *per se* damages, including but not limited to pecuniary loss, damage to reputation and standing in the community, embarrassment, humiliation, and mental suffering.

16.     Publication of such defamatory statements was intended to refer to the plaintiff and were so understood by those upon reading or hearing of such defamatory statements.

17.     The defamatory statements alleged herein were authored by defendants, by and through their television station WAVY-10, and were published or broadcasted by defendants, by and through their television station WAVY-10 and WAVY 10's related website, http://www.wavy.com. The defamatory statements were  published with the actual, and apparent approval, and ratification of defendants, and the statements proximately caused special and general damages to the plaintiff. The statements caused the plaintiff, *inter alia*, injury to reputation, embarrassment, humiliation, and emotional distress.

## Count I:  Libel *per se*

18.     The plaintiff herein incorporates by reference into this count all of the allegations appearing elsewhere in this Complaint.

19.     The statements authored by defendants, by and through their television station WAVY-10, and published or broadcasted by defendants, by and through their television station WAVY-10 and WAVY 10's related website,  http://www.wavy.com, referred to herein are libelous *per se*, because they impute unfitness to perform duties of office or employment for profit

6

and want of integrity in the discharge of duties of such office and the commission of a criminal offense.  The statements, individually and taken together as a whole, prejudice the plaintiff in his profession, tending to injure him in his employment and profession, and cast him as being particularly unfit to be a professional tax preparer of a tax return preparation business.

## Count II:  Libel

20.    The plaintiff herein incorporates by reference into this count all of the allegations appearing elsewhere in this Complaint.

21.    The statements authored by defendants, by and through their television station WAVY-10, and published or broadcasted by defendants, by and through their television station WAVY-10 and WAVY 10's related website, http://www.wavy.com, referred to herein have caused, are causing, and will cause the plaintiff injury to his reputation, good name, and have held, and will hold, him up to public scandal and/or ridicule, and have caused, are causing, and will cause him embarrassment, humiliation and mental suffering.  The statements were calculated to, and do, hold the plaintiff up to public scorn, hatred, and ridicule; by such publication, the defendants did injure the plaintiffs' reputation in the community at large.  The plaintiff has been injured in reputation and good standing in the community in which plaintiff lives.

22.    The statements proximately caused the plaintiff to lose future income.

## Count III:  Libel *per Quod*

23.    The plaintiff herein incorporates by reference into this count all of the allegations appearing elsewhere in this Complaint.

24.    The statements authored by defendants, by and through their television station WAVY-10, and published or broadcasted by defendants, by and through their television station

7

WAVY-10 and WAVY 10's related website, http://www.wavy.com, referred to herein are libelous *per quod*, because, with reference to the extrinsic facts, the statements impute unfitness to perform duties of office and employment for profit and want of integrity in the discharge of duties of such office and employment for profit on account of imputed incompetence as a professional tax preparer of a tax return preparation business, and the commission of a criminal offenses. The statements, individually and taken together as a whole, prejudice the plaintiff in his profession, tending to injure him in his employment and profession, and cast him as being particularly unfit to be a professional tax preparer of a tax return preparation business.

### Prayer for Relief

WHEREFORE, Plaintiff requests this Court to enter a judgment for the plaintiff, Timothy B. Hanks, against defendants, WAVY Broadcasting, LLC and LIN Television Corporation, d/b/a "LIN Media", jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) as compensatory damages, plus interest at the maximum rate allowed by law on the entire judgment from the date of April 14, 2011, until paid.

### Plaintiff Demands Trial by Jury

Plaintiff, Timothy B. Hanks, demands a trial by jury.

TIMOTHY B. HANKS

By:_____
          Of Counsel

Jeremiah A. Denton, III
VSB # 19191
Vivile R. Dietrich
VSB # 72893
*Counsel for plaintiff, Timothy B. Hanks*
JEREMIAH A. DENTON, III, P.C.

477 Viking Drive, Suite 100
Virginia Beach, VA 23452-7309
Telephone (757) 340-3232
Facsimile (757) 340-4505
jerry@jeremiahdenton.com
viv@jeremiahdenton.com